IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES OTIS MOODY, § | | |
| TDCJ No. 499523, § | | |
| § | | |
| Petitioner, § | CIVIL ACTION NO. | |
| v. § | | |
| § | SA-06-CA-0061 NN | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**ORDER DENYING HABEAS RELEIF**

Before the Court is state prisoner James Otis Moody's petition for federal habeas relief. On October 31, 1988, Moody was sentenced to 20 years in prison. Moody was released on parole on April 16, 1999. Moody was subsequently convicted for possession of a controlled substance. After the conviction, the Texas Board of Pardons and Paroles conducted a revocation hearing, determined that Moody had violated the conditions of his release, and revoked Moody's parole. After exhausting his state remedies, Moody petitioned this Court for federal habeas relief.

In his petition, Moody complains that (1) his right to due process was violated because he did not question the individuals who collected and tested a urine sample that indicated he had used cocaine, (2) the hearing officer's findings are not supported by the evidence because the positive results of two 2001 urinalysis tests had nothing to do with the positive results of a March 2004 test taken after he was arrested for possession of cocaine, (3) the hearing officer relied on

his conviction for possession of a controlled substance even though that conviction was on appeal, and (4) his attorney was unprepared.  Moody raised these same claims in his state habeas petition.  The Texas Court of Criminal Appeals denied the claims without written order.  Because the state court has adjudicated the claims presented in Moody's federal petition, I can grant habeas relief only in the following circumstances:

> (1) [the state court adjudication] resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the state court adjudication] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[1]

For the reasons discussed below, Moody's claims do not meet this criteria.  As a result, I DENY Moody's petition.

Moody's parole was revoked because of two violations: (1) Moody's conviction in Cause 2004CR4009—the conviction for possession of cocaine, and (2) failure to abstain from the use of illegal drugs as evidenced by testing positive for the use of cocaine.  The positive test resulted from a urine sample collected after Moody was arrested for possession of cocaine.  Moody complains that he did not get to question the individuals who collected and tested the urine sample that indicated he had used cocaine.  Although he does not explain why or how, Moody contends that his right to due process was violated because he was unable to question these individuals.  He also seems to suggest that his due process right was violated because the hearing officer relied on insufficient hearsay evidence.

Due process affords a state parolee a revocation hearing prior to having his parole release

---

[1] 28 U.S.C. § 2254(d).

revoked.[2]  At a minimum, due process requires the following:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.[3]

The record for Moody's revocation hearing indicates that he received due process. The record shows the following: Moody was given written notice of the claimed violations on March 29, 2005. At that time, Moody was informed about the specific alleged violations. He was also advised that he had the right to a revocation hearing, to be heard in person, to present witnesses and documentary evidence, and to confront and cross-examine adverse witnesses unless the hearing officer specifically found good cause for not allowing confrontation.

The Texas Board of Pardons and Paroles conducted a hearing on April 6, 2005. On that day, the hearing officer heard testimony from Moody, his parole officer, and Moody's wife. During the hearing, Moody denied using cocaine and stated that he had been taking prescription medications. Moody testified that he was on social security disability income and that he used his income to support his common law wife and their family. Moody's parole officer testified that Moody tested positive for drugs after his arrest for possession of cocaine and that the March 2004 positive test was the third time Moody had tested positive for drugs. Moody's common law wife testified that Moody was supporting her financially before he was arrested.

---

[2] *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

[3] *Morrissey*, 408 U.S. at 489.

The hearing officer prepared written findings of fact. The hearing officer relied on a drug testing log indicating that Moody tested positive for cocaine based on a urine sample collected on March 3, 2004. The test results reflect that Moody was taking Xanax, Cogentin, Risperdal and Dalmane. The hearing officer also relied on a case inquiry page that indicated Moody was convicted for possession of a controlled substance in an amount less than one gram, was sentenced to two years in state jail, and Moody had filed a notice of appeal. After considering the evidence, the hearing officer concluded that Moody had violated the conditions of his release by failing to obey all municipal, county, state and federal laws and failing to not use unlawful drugs, narcotics, or controlled substances.

Although Moody complains that he did not get to cross-examine the individuals who collected and tested the urine collected in March 2004, the record does not indicate that Moody requested that opportunity. Moody may have been given the opportunity to question those individuals if he had identified them to the hearing officer or sought a subpoena ordering their appearance at the hearing, but the record does not indicate that he challenged the reliability of the test results.[4]

Moody seems to suggest that the evidence is insufficient to support the hearing officer's findings because it was based on hearsay. But the evidence supporting the hearing officer's

---

[4] *See Morrissey*, 408 U.S. at 489 (listing a parolee's due process rights during a revocation proceeding and indicating that a parolee has "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)"); *United States v. McCormick*, 54 F.3d 214, 222-23 (5th Cir. 1995) (considering the appellant's argument that his due process rights were violated when he was not permitted to cross-examine laboratory technicians who performed a urinalysis test and explaining that the appellant failed to pursue numerous available avenues to challenge the reliability of the test results).

findings is not necessarily insufficient because the hearing officer relies on hearsay. Urinalysis reports bear substantial indicia of reliability as regular reports of a company whose business it is to conduct those types of tests and that expects its clients to act on the basis of its reports.[5] More reliable documentation of Moody's conviction of possession of cocaine may have been appropriate, but Moody does not deny that he was convicted of the offense and that the conviction constitutes a violation of the conditions of his release. Moody's complaint that his parole was not revoked when he tested positive for drugs in August 2001 and November 2001 is irrelevant to the sufficiency of the evidence supporting the hearing officer's findings or to whether he received due process. Moreover, the record does not indicate the hearing officer relied on the results of the August 2001 and November 2001 tests. The March 2004 test results support the hearing officer's finding that Moody violated the conditions of his parole by failing to refrain from the unlawful use of drugs. Moody's conviction of possession of cocaine support the hearing officer's finding that Moody violated the conditions of his parole by failing to obey state laws. Moody has not shown a violation of his right to due process.

### Moody's Complaint about his Attorney

Moody's final complaint is that his attorney was unprepared. Although Moody does not specifically identify deficient performance on the part of his attorney, he suggests his attorney should have done more to contest the alleged violations. To prove ineffective assistance of counsel in a habeas corpus proceeding, the petitioner must demonstrate both deficient performance and prejudice flowing from the deficiency.[6] To the extent that Moody complains

---

[5] *McCormick*, 54 F.3d at 223-24.

[6] *See Carson v. Collins*, 993 F.2d 461, 465 (5th Cir. 1993).

about ineffective assistance of counsel, he has failed to advance an argument about either requirement. Moody merely states that his attorney did not defend him against the alleged violations and failed to protect his rights and asserts that the results of the proceeding would have been different. Moody has not shown that his attorney was ineffective.

## Conclusion

Having determined that Moody failed to demonstrate that he was denied due process or the effective assistance of counsel, I DENY Moody's petition for federal habeas relief (docket entry #1).

**SIGNED** on November 22, 2006.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE